# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BRANDON MORRISON, | : | Case No. 3:19-cv-102 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

### I.  Introduction

Plaintiff Brandon Morrison brings this case challenging the Social Security Administration's denial of his application for period of disability and Disability Insurance Benefits.  He applied for benefits in January 2016, asserting that he could no longer work a substantial paid job.  Administrative Law Judge (ALJ) Laura S. Twilley concluded that he was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act.

The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #10), Plaintiff's Reply (Doc. #11), and the administrative record (Doc. #6).

Plaintiff seeks a remand of this case for payment of benefits or, at a minimum, for further proceedings. The Commissioner asks the Court to affirm ALJ Twilley's non-disability decision.

## II. Background

Plaintiff asserts that he has been under a "disability" since January 14, 2016. He was forty-three years old at that time and was therefore considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c). He has a high school education. *See id.* § 404.1564(b)(4).

The evidence of record is sufficiently summarized in the ALJ's decision (Doc. #6, *PageID* #s 82-93); Plaintiff's Statement of Errors (Doc. #7); the Commissioner's Memorandum in Opposition (Doc. #10); and Plaintiff's Reply (Doc. #11). Rather than repeat these summaries, the pertinent evidence will be discussed when addressing the parties' arguments.

## III. Standard of Review

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability"—as defined by the Social Security Act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. § 423(d)(1)(A); *see Bowen,* 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance …." *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part

*Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV. **The ALJ's Decision**

As noted previously, it fell to ALJ Twilley to evaluate the evidence connected to Plaintiff's application for benefits. She did so by considering each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since January 14, 2016.

Step 2: He has the severe impairments of bipolar disorder, lumbar degenerative disc disease, generalized anxiety disorder, post-concussion syndrome, headache disorder, and chronic pain disorder.

Step 3: He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "light work … except he cannot climb ropes, ladders, or scaffolds and balance on uneven, moving, or narrow surfaces. The claimant can occasionally climb ramps and stairs, stoop, crouch, crawl, and kneel. He cannot perform work involving any exposure to unprotected heights or dangerous moving machinery. He can have occasional interaction with coworkers and supervisors, but no interaction with the general public. The claimant cannot perform tandem or [teamwork]. He cannot perform production rate pace or strict production quotas and can handle occasional changes in work processes."

Step 4: He is unable to perform any of his past relevant work.

Step 5: He could perform a significant number of jobs that exist in the national economy.

4

(Doc. #6, *PageID* #s 82-93).  These main findings led the ALJ to ultimately conclude that Plaintiff was not under a benefits-qualifying disability.  *Id.* at 93.

## V. Discussion

Plaintiff contends that new evidence—an opinion from his primary-care doctor, Donald Gronbeck, M.D.—warrants a remand under sentence six.  Dr. Gronbeck provided his opinion on August 17, 2018—nearly two months after ALJ Twilley issued her decision.  When Plaintiff's requested review from the Appeals Council, he submitted Dr. Gronbeck's report, along with other additional evidence.  The Appeals Council denied Plaintiff's request for review and did not enter the new evidence, concluding that "this evidence does not show a reasonable probability that it would change the outcome of the decision."  (Doc. #6, *PageID* #s 60-61).

In his opinion, Dr. Gronbeck indicated that he began treating Plaintiff in July 2014.  In those four years, he "watched [Plaintiff] slowly deteriorate."  *Id.* at 74.  Dr. Gronbeck noted that he referred Plaintiff to both neurology and psychiatry.  And, both specialists agreed that "with [Plaintiff's] history of concussions and head trauma, [he] suffers from post concussive syndrome and traumatic encephalopathy."  *Id.*  His symptoms include emotional instability and outbursts of anger.  Plaintiff has tried several medications and has had "varying degrees of success."  However, none of the medications have controlled his symptoms long term.  *Id.*  Dr. Gronbeck noted, "We have managed his endocrine dysfunctions …," checked for vitamin deficiencies, and monitored his electrolytes.  Although that helped Plaintiff for a period of time, his condition continued to progress and "is only going to continue to progress."  *Id.*  Dr.

5

Gronbeck concluded, "My medical opinion is that Mr. Morrison is totally disabled.  He is never going to be able to hold down gainful employment and this is only going to get worse."  *Id.*

To obtain a sentence six remand under 42 U.S.C. § 405(g), the claimant must show that the evidence is "new" and "material," and that there was good cause for failing to present it to the ALJ.  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *see* 42 U.S.C. § 405(g) ("The court ... may at any time order additional evidence to be taken before the Commissioner ..., but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….").  The claimant bears the burden of showing that a remand is appropriate.  *Ferguson*, 628 F.3d at 276

For purposes of a sentence six remand, "evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'"  *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658 (1990)).  Evidence is "'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'"  *Id. (*quoting *Sizemore v. Sec'y of HHS*, 865 F.2d 709, 711 (6th Cir. 1988)).  Finally, a "claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."  *Id.* (citation omitted).

6

Plaintiff correctly observes that Dr. Gronbeck's opinion is "new" in the sense that it was written after the ALJ's decision. (Doc. #7, *PageID* #1265) (citing Doc. #6, *PageID* #s 74, 76). However, not all the information contained in the opinion is new. Specifically, Dr. Gronbeck's summary of his treatment of Plaintiff (beginning in July 2014) is not new; it is merely a recitation of evidence already included in the record. *See i.e.,* Doc. #6, *PageID* #s 591-697.

Plaintiff asserts that Dr. Gronbeck's opinion is "material" because he "confirms [Plaintiff's] documented symptoms dating back to 2014 and that he has been unable to sustain full-time gainful employment since the alleged disability onset date …." (Doc. #7, *PageID* #1265). Further, Plaintiff contends, "As [his] treating doctor since 2014, Dr. Gronbeck is in the best position to assess the claimant's fluctuating and deteriorating condition." *Id.* at 1268 (citing *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983)).

Under Social Security Regulations, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). Under the rule, opinions from treating physicians "must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 451, 544 (6th Cir. 2004)).

Dr. Gronbeck's opinions that Plaintiff is "totally disabled" and "never going to be able to hold down gainful employment" cannot be given controlling weight under the Regulations because they are opinions on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or "unable to work" does not mean that we will determine that you are disabled."). Further, Dr. Gronbeck failed to explain how Plaintiff's progressive deterioration prevents him from working. *See* 20 C.F.R. § 404.1527(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion."). He likewise failed to identify any specific evidence in support of his conclusion that Plaintiff was not able to work. *See id.* ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion.").

Plaintiff contends that Dr. Gronbeck's opinion "refutes the ALJ's erroneous finding that [his] symptoms were improving under Dr. Gronbeck's care. In fact, Dr. Gronbeck confirmed that [his] deteriorating condition 'continues to progress' and 'is only going to get worse.'" (Doc. #7, *PageID* #1268) (quoting Doc. #6, *PageID* #74). But, as

8

the ALJ correctly pointed out—and Dr. Gronbeck acknowledged—Plaintiff saw improvement with medication—albeit for limited periods of time. (Doc. #6, *PageID* #74). Unfortunately, Dr. Gronbeck did not elaborate on how long the medications last. But as the ALJ observed, Dr. Gronbeck's treatment notes show several effective treatments. For instance, in March 2017, Dr. Gronbeck noted, "[patient] says pain medication is controlling pain well." (Doc. #6, *PageID* #1126). Additionally, in December 2017, Dr. Gronbeck noted that Plaintiff's "anxiety is generally managed with marijuana." *Id.* at 1122-23.

Aside from his conclusory statements that Plaintiff is not able to work, Dr. Gronbeck's opinion mostly confirmed evidence that was already in the record—evidence, that the ALJ already considered. Plaintiff has failed to show a reasonable probability that the ALJ would have reached a different decision if presented with Dr. Gronbeck's opinion. Accordingly, Dr. Gronbeck's opinion is not material.

Plaintiff asserts that "good cause exists as to why this evidence was not submitted to the ALJ" because "it was specifically written in response to the ALJ's erroneous decision …." (Doc. #7, *PageID* #1265) (citation omitted). However, "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 725 (6th Cir. 2012). Instead, the claimant must "'give a valid reason for his failure to obtain evidence prior to the hearing.'" (quoting *Oliver v. Sec'y of Health & Hum. Servs.,* 804 F.2d 964, 966 (6th Cir. 1986)).

9

In the present case, Plaintiff provides no reason why he could not have obtained Dr. Gronbeck's opinion before the ALJ's decision. *See id.* at 726 ("A belief that one would not 'lose' given the evidence admitted cannot meet the 'good cause' standard for failing to obtain or submit all useful evidence in the first instance."); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) (claimant who fails to identify obstacles to timely submission of evidence fails to demonstrate good cause). Accordingly, Plaintiff failed to set forth "good cause" for failing to acquire and present Dr. Gronbeck's opinion before the ALJ's hearing.

Because Plaintiff cannot show that Dr. Gronbeck's opinion is new and material and cannot show good cause for his failure to obtain his opinion prior to the ALJ's decision, Plaintiff is not entitled to remand under sentence six.

**IT IS THEREFORE ORDERED THAT**:

1. The ALJ's non-disability decision is affirmed; and
2. The case is terminated on the Court's docket.

Date:  September 2, 2020                              *s/Sharon L. Ovington*
                                                     Sharon L. Ovington
                                                     United States Magistrate Judge